## THE CITY OF ELGIN
### v.
## SMITH HOAG.

*Municipal Corporations—Damages for Flooding Plaintiff's Premises— Instructions—Evidenc.—New Trial.*

In an action against a municipal corporation to recover damages for flooding the plaintiff's house and premises, it is *held:*   That an instruction

need not contain an hypothesis which is not raised by the evidence; that an instruction asked by the defendant, touching the contamination of the water. was properly refused; that the verdict for the plaintiff is supported by the evidence; and that the newly discovered evidence, being merely cumulative, is not sufficient ground for a new trial.

[Opinion filed January 7, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. F. W. JOSLYN, City Attorney, and R. M. IRELAND, for appellant.

Messrs. BOTSFORD & WAYNE, for appellee.

BAKER, J.   This is an appeal by the City of Elgin from a judgment of the Circuit Court of Kane County for $300 damages, rendered in an action on the case prosecuted against it by Smith Hoag, for flooding and injuring his house and premises, by collecting large quantities of unusual and unnatural surface water and conducting it by means of ditches and sewer into his premises, thereby undermining the foundations of his building and otherwise injuring the premises.

There are four grounds upon which a reversal is claimed. The first instruction for the plaintiff below is as follows:

"If the jury believe from the evidence that after the plaintiff's purchase of the lot in question he constructed a water-shoot or box over his premises, which was of sufficient capacity to protect his building and premises from being flooded and damaged by water, which flowed through the sewer which terminated at the west line of his lot, but that subsequently to such purchase and construction of such water-shoot or box, the defendant, in improving or changing the grade of its streets, altered and diverted the usual and natural watercourses thereon and over them, so that thereby increased and unnatural quantities of surface water, not accustomed to flow upon the plaintiff's premises, was flown over and upon the same, and which damaged his building and premises, then he is entitled

to recover in this action damages, if any, the proof shows he sustained in consequence of such increased and unnatural flow."

It is objected to this instruction that, although the water-shoot or box when first constructed may have been amply sufficient to protect the building and premises, yet it may well have rotted or been taken away during the nearly ten years that have elapsed since it was placed there. Suffice it to say that if, as matter of fact, it had been removed or was rotted, then appellant should have introduced testimony to establish such fact. The instruction was based upon the evidence that was before the jury, and was not erroneous.

It is also complained that the court refused one of the instructions asked by appellant. That instruction was as follows:

"The City of Elgin is not liable in this action for any unfavorable effect upon the quality of water in the creek, of which testimony has been given in this case, occasioned by reason of any privies or barns being placed on or near said creek, or by reason of any waste being discharged into the same from the packing factory, unless the jury believe from the evidence, that such privies or barns were so placed, or such water discharged, under the direction of said city, or its officers having charge of such matters, or with its express ratification and consent."

The second count of the declaration alleges that the defendant concentrated, directed and augmented the flow of the surface water into unusual and unnatural channels, and conducted the same into and upon the premises of the plaintiff, such surface water then and there being rendered foul, noxious and loathsome by carrying the drainage from numerous privies, cesspools, pig styes and barnyards along and in its courses, so that the same was spread out over and upon the said premises of plaintiff. Plainly the city would not have been liable for any ill effects produced by the contamination of the waters of the original and natural brook by third parties, without such contamination was by its direction, or with its consent, or had been notified of it. But the evidence tends to prove that plaintiff constructed a closed box sewer through his lot, suffi-

cient in capacity for the ordinary and usual water of the natural stream and for all natural drainage purposes, and that but for the increased and unaccustomed water conducted to it by the city through the sewer across State Street, such box sewer, which extended from the mouth of the city sewer at State Street, would have carried the water over plaintiff's lot without harm to his building and premises, and without spreading out upon his lot and in the basement of his building, and rendering them foul, unwholesome and offensive. If the additional water caused the bursting and overflow of the water box, and thereby the basement and lot were flooded, and covered with the filth and slush contained in the mixture composed of both the ordinary and the unusual water, then the foul, noxious and unwholesome character of such compound was a proper element, under the declaration, to be considered by the jury.

It may be that the instruction in question would have been good enough law under the circumstances of many cases, but in this case it would virtually have excluded from the jury a matter proper for their consideration. There was no error in refusing it.

We are asked to reverse the judgment on the ground the verdict was against the weight of the evidence. There were many witnesses examined at the trial, and the evidence was conflicting.

To quite an extent the matters at issue called for the opinions and judgments of the witnesses, and there was very considerable diversity therein. It would be useless to discuss the particular facts of the case. We have examined the testimony and are unable to hold that it would justify us in setting aside a verdict of a jury which has passed the scrutiny of a circuit judge and been approved.

The newly discovered evidence stated in the affidavits filed with the motion for a new trial was merely cumulative, and the trial judge properly refused to give a new trial on that ground.

We find no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*